# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF PENNSYLVANIA

Michele Williamson
1223 S. 56th Street
Philadelphia, PA 19143,
          Plaintiff

No. 20-CV-_____

vs.

Hartford Steam Boiler Inspection
& Insurance Company
595 Swedesford Road
Wayne, PA 19087,

Life Insurance Company
Of North America
Two Liberty Place
1601 Market Street
Philadelphia, PA 19192-2235,

CIGNA Life & Health Insurance Co.
Two Liberty Place
1601 Market Street
Philadelphia, PA 19192,

and

Connecticut General Corporation
900 Cottage Grove Road
Bloomfield, CT 06002-2920,
          Defendants

:

## CIVIL COMPLAINT

## JURISDICTION

1. This Court has Jurisdiction over the subject matter and amount in controversy pursuant to 28 U.S.C. §1367, 29 U.S.C. §1109, 29 U.S.C. §1001, 29 U.S.C. §1002, 29 U.S.C. §1132, ERISA §502(a)(1)(B), and §503.

## NATURE OF THE CASE

2. Michele Williamson is an adult individual who resides at 1223 South 56th Street, Philadelphia, PA 19143.

3. Commencing on August 1, 2001, and at all times relevant hereto, Plaintiff was a permanent employee of the Hartford Steam Boiler Inspection and Insurance Company located at 595 East Swedesford Road, Wayne, PA 19143.

4. Defendant, Hartford Steam Boiler Inspection and Insurance Company, located at 595 East Swedesford Road, Wayne, PA 19143, is a corporation doing business in Pennsylvania.

5. The Plaintiff worked thirty-five (35) hours per week at a rate of twenty-two dollars fifty cents ($35.50) per hour.

6. The Life Insurance Company of North America is a corporation doing business in Philadelphia, Pennsylvania. Its principle place of business is Two Liberty Place, 1601 Market Street, Philadelphia, PA 119192-2235.

7. The Life Insurance Company of North America, for all times relevant hereto, is a subsidiary and agent of the Connecticut General Corporation.

8. The Life Insurance Company of North America, for all times relevant hereto, is an agent of the CIGNA Life and Health Insurance Company.

9. The Life Insurance Company of North America is in the business of providing life, health and accident insurance as well as short and long- term disability benefits to employees by way of their employer programs which is an "employee welfare benefit plan" as defined by 29 U.S.C. §1002.

10. The CIGNA Life & Health Insurance Company is a corporation doing business in Philadelphia, Pennsylvania. Its principle place of business is Two Liberty Place, 1601 Market Street, Philadelphia, PA 119192.

11. The CIGNA Life & Health Insurance Company, for all times relevant hereto, is a subsidiary and agent of the Connecticut General Corporation.

12. The CIGNA Life & Health Insurance Company, for all times relevant hereto, is an agent of the Life Insurance Company of North America.

13. The CIGNA Life & Health Insurance Company is in the business of providing life, health and accident insurance as well as short and long-term disability benefits to employees by way of their employer programs which is an "employee welfare benefit plan" as defined by 29 U.S.C. §1002.

14. The Connecticut General Corporation is a corporation which provides life, health and accident insurance through its subsidiaries, inter alia, the Life Insurance Company of North America and the CIGNA Life & Health Insurance Company, all of which provides "employee welfare benefit plan" as defined by 29 U.S.C. §1002.

15. For all times relevant hereto, the Life Insurance Company of North America and the CIGNA Life & Health Insurance Company were agents of the Connecticut General Corporation.

16. The Connecticut General Corporation has its principle place of business as 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

17. Plaintiff maintained the full-time position of claims analyst from August 1, 2001, until the date of her disability on September 26, 2017.

18. Plaintiff's position was sedentary, causing her to sit ninety per cent (90%) of the work day.

19. The Claimant, Michele Williamson, was suffering from acute pain brought on by hemorrhoids for months before seeking medical intervention.

20. The pain from the condition became so severe Claimant had surgery to remove hemorrhoids on July 26, 2017, by Dr. Samir N. Parikh.

21. Pre and post-surgical testing revealed Claimant to have stage three anal cancer.

22. Claimant commenced a course of treatment with cancer specialist Dr. Brian S. Wojciechowski.

23. The treatment by Dr. Wojciechowski caused Claimant to be hospitalized for three (3) weeks in August 2017, while taking chemotherapy.

24. It was determined that Claimant was allergic to chemotherapy. So, she was given an additional course of radiation.

25. On August 24, 2017, CIGNA Insurance Company, under Plan Number SHD-0961928, Incident Number 10325555-01, Plan Name being THE HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY and Administered by the Life Insurance Company of North America, approved Plaintiff's application for Short Term Disability. **(See Exhibit "A" attached hereto.)**

26. Plaintiff's Employee Disability Plan qualifies and falls under the auspices of ERISA §502(a)(1)(B), and §503.

27. Pursuant to Plaintiff's Insurance Plan, she was eligible to receive maximum Short Term Disability benefits from July 26, 2017, until January 23, 2018. **(See Exhibit "B" attached hereto.)**

28. After January 23, 2018, Plaintiff would be eligible for Long Term Disability benefits only.

29. On February 13, 2018, Plaintiff's Long Term Disability benefits were approved effective January 22, 2018. **(See Exhibit "C" attached hereto.)**

30. Although Claimant showed minor improvement as of March 15, 2019, her medical providers still felt she was not capable of returning to work.

31. As a result of her condition, Plaintiff continued receiving Long Term Disability benefits.

32. On August 2, 2018, CIGNA Insurance Company defined Disability/Disabled pursuant to Plaintiff's disability policy, i.e.,

    *"The Employee is considered Disable if, solely because of Injury or Sickness, he or she is:*
    *1. Unable to perform the material duties of his or her Regular Occupation; and*
    *2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*
    *After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is :*
    *1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
    *2. Unable to earn 80% or more of his or her Indexed Earnings.*
    *The Insurance Company will require proof of earnings and continued Disability."*

33. On or about August 8, 2018, one of Plaintiff's doctors, Dr. Brian Wojciechowski, by telephone and through a written report that Plaintiff was not capable of returning to work. **(See Exhibit "D" attached hereto.)**

34. At the time of Dr. Wojciechowski's evaluation, Plaintiff was taking BYSTOLIC for high blood pressure which causes dizziness, fatigue, weakness and diarrhea

35. Also, Plaintiff was taking ENALAPRIL, a beta blocker which also causes dizziness, fatigue and limb weakness.

36. Also, Plaintiff was taking ESCITALOPRAM for depression resulting from the cancer diagnosis and the inability to work.

37. She was also taking FENTANYL which must be applied to her anal cavity and general area every few hours to promote healing and decrease irritation.

38. She was also taking MIRTAZAPINE for anxiety.

39. Plaintiff was also taking OXYCODONE to combat the intense anal and hemorrhoidal pain.

40. Plaintiff was also taking PROCHLORPERAZINE to combat the nausea brought on by the other medicines.

41. Sitting upright causes Plaintiff to have constant excruciating pain.

42. The medicine Plaintiff uses to combat the anal pain compromises her ability to function.z

43. Claimant's position is ninety per cent (90%) sedentary. Therefore, performing her employment responsibilities would cause constant excruciating pain.

44. At the time of Plaintiff's disability, she was under a Disability Insurance Policy named Munich RE, Policy Number LK-0962727, Incident Number 10325555-02 and Life Insurance Co. of North America as underwriter.

45. Notwithstanding Dr. Wojciechowski's evaluation, on September 10, 2018, CIGNA Insurance Company ceased to pay Plaintiff Long Term Disability benefits. **(See Exhibit "E" attached hereto.)**

46. On October 16, 2018, in a timely fashion pursuant to Plaintiff's disability policy, Plaintiff, by and through her attorney, Calvin Taylor, Jr., Esquire, Appealed Defendants' September 10, 2018, Decision. **(See Exhibit "F" attached hereto.)**

47. On December 20, 2018, Defendants Denied Plaintiff's Appeal, re-affirming their decision to cease paying Plaintiff Long Term Disability benefits. **(See Exhibit "G" attached hereto.)**

48. Plaintiff's Appeal of Defendants' Denial and Defendants Denying Plaintiff's Appeal exhausted Plaintiff's administrative remedies.

49. Pursuant to the definition of "disability" as contained in the policy, Plaintiff's condition meets all criteria.

50. Consequently, Defendants' denial of Plaintiff's Long-Term Disability benefits is unreasonable.

51. On March 1, 2018, based on the afore-stated disability, Plaintiff filed an application for disability and disability insurance benefits with the Social Security Administration.

52. On May 20, 2019, Plaintiff testified concerning her disability at a Social Security hearing before Federal Administrative Law Judge, Kimberly Varillo.

53. On June 12, 2019, Judge Kimberly Varillo rendered a Fully Favorable Decision, ruling that pursuant to §§ 216(i) and 223(d) of the Social Security Act Plaintiff has been disabled since July 25, 2017.  **(See Exhibit "H" attached hereto.)**

54. Therefore, Defendants' cessation of Plaintiff's long term disability benefits are unreasonable as a matter of law.

**WHEREFOE, Plaintiffs Humbly and Respectfully Request this Court Grant Plaintiff All Unpaid Benefits Retroactive to September 12, 2018, Up to the Present Time and All Accumulated Attorneys Fees.**

## COUNT I
## PLAINTIFF, MICHELE WILLIAMSON
## vs.
## DEFENDANT, HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY

## DENIAL OF BENEFITS
## (ERISA §502(a)(1)(B) & §503)

55. Paragraphs one through forty-nine are incorporated by reference as though fully set forth at length herein.

56. Pursuant to the definition of "disability" as contained in the policy, Plaintiff's condition meets all criteria.

57. Consequently, Defendants' denial of Plaintiff's Long-Term Disability is unreasonable.

**WHEREFOE, Plaintiffs Humbly and Respectfully Request this Court Grant Plaintiff All Unpaid Benefits Retroactive to September 12, 2018, Up to the Present Time and All Accumulated Attorney's Fees.**

## COUNT II
### PLAINTIFF, MICHELE WILLIAMSON
### vs.
### DEFENDANT, LIFE INSURANCE COMPANY OF NORTH AMERICA

## DENIAL OF BENEFITS
## (ERISA §502(a)(1)(B) & §503)

58. Paragraphs one through fifty-two are incorporated by reference as though fully set forth at length herein.

59. Pursuant to the definition of "disability" as contained in the policy, Plaintiff's condition meets all criteria.

60. Consequently, Defendants' denial of Plaintiff's Long-Term Disability is unreasonable.

WHEREFOE, Plaintiffs Humbly and Respectfully Request this Court Grant Plaintiff All Unpaid Benefits Retroactive to September 12, 2018, Up to the Present Time and All Accumulated Attorneys Fees.

## COUNT III
### PLAINTIFF, MICHELE WILLIAMSON
### vs.
### DEFENDANT, CIGNA LIFE & DEATH INSURANCE COMPANY

## DENIAL OF BENEFITS
## (ERISA §502(a)(1)(B) & §503)

61. Paragraphs one through fifty-five are incorporated by reference as though fully set forth at length herein.

62. Pursuant to the definition of "disability" as contained in the policy, Plaintiff's condition meets all criteria.

63. Consequently, Defendants' denial of Plaintiff's Long -Term Disability is unreasonable.

WHEREFOE, Plaintiffs Humbly and Respectfully Request this Court Grant Plaintiff All Unpaid Benefits Retroactive to September 12, 2018, Up to the Present Time and All Accumulated Attorneys Fees.

## COUNT IV
## PLAINTIFF, MICHELE WILLIAMSON
## vs.
## DEFENDANT, CONNECTICUT GENERAL CORPORATION

## DENIAL OF BENEFITS
## (ERISA §502(a)(1)(B) & §503)

64. Paragraphs one through fifty-eight are incorporated by reference as though fully set forth at length herein.

65. Pursuant to the definition of "disability" as contained in the policy, Plaintiff's condition meets all criteria.

66. Consequently, Defendants' denial of Plaintiff's Long Term Disability is unreasonable and a violation of the ERISA Statute.

WHEREFOE, Plaintiffs Humbly and Respectfully Request this Court Grant Plaintiff All Unpaid Benefits Retroactive to September 12, 2018, Up to the Present Time and All Accumulated Attorneys Fees.

Respectfully submitted,

By: _____
Calvin Taylor, Jr. Esquire
Attorney for Plaintiff
10 East Mt. Pleasant Avenue
Philadelphia, PA 19119
(215) 500-0709
taylorowenslaw@gmail.com

DATED: 12/10/2020